UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY PETTY | CIVIL ACTION |
| VERSUS | NO. 25-1849 |
| ENTERPRISE FM TRUST ET AL. | SECTION "G" (3) |

## ORDER AND REASONS

Defendants, Enterprise FM Trust, Bureau Veritas North America, and Ivan Bodden (collectively, "Defendants") filed a Motion for Leave to File Third-Party Complaint (R. Doc. 11). No opposition was filed. Having considered Defendants' memorandum, the record, and the applicable law, the Court issues this Order and Reasons granting the motion.

## I. Background

Plaintiff filed the instant action in state court on July 10, 2025.[1] On September 9, 2025, Plaintiff removed the matter to federal court.[2] Plaintiff alleges that he was seriously injured when his truck was struck from behind by a vehicle owned and operated by Defendants.[3] Defendants seek to implead a third party, Keith Anthony Comardelle.[4] According to Defendants, Comardelle's truck struck Defendants from the rear and propelled Defendants' vehicle to strike Plaintiff's truck.[5] Defendants

---

[1] R. Doc. 1-7 at 1.
[2] R. Doc. 1.
[3] R. Doc. 1-7, ¶¶ 3–11.
[4] R. Doc. 11.
[5] R. Doc. 11-2, ¶¶ 11–15.

1

deny any fault and, alternatively, assert that any fault attributed to them is merely technical, passive, and derivative, entitling them to full indemnity against Comardelle.[6]

The deadline to file third-party actions is December 15, 2025.[7] On December 15, 2025, Defendants filed the instant motion.[8]

## II. Law and Analysis

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "But, the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* The district court is given wide discretion in determining whether to permit leave. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984). The court considers several factors when determining whether to grant a party leave to file a third-party complaint, including "avoiding circuitous actions, promoting judicial efficiency, obtaining consistent results, avoiding possible prejudice to other parties, the unreasonableness of the delay, and the lack of substance of the third-party complaint." *Martin v. Lafon Nursing Facility of the Holy Fam., Inc.*, CIV.A. 06-5108, 2007 WL 4163678, at *2 (E.D. La. Nov. 20, 2007) (citing *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956)). "Impleader is [] only

---

[6] R. Doc. 11-1 at 4.
[7] R. Doc. 9 at 2.
[8] R. Doc. 11.

2

permitted in those cases in which a third party is derivatively or secondarily liable to the defendant." *Id.* (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967)).

State substantive law determines whether the right of indemnity and, therefore, derivative liability against a third-party defendant is available. *Gen. Dynamics Corp. v. Adams,* 340 F.2d 271, 279 (5th Cir. 1965). "[A] party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others." *Bewley Furniture Co. v. Maryland Cas. Co.*, 285 So. 2d 216, 219 (La. 1973). "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement." *Nassif v. Sunrise Homes, Inc.,* 739 So.2d 183, 185 (La.1999) (citation omitted).

The factors weigh in favor of granting leave. Defendants have alleged a plausible theory of indemnity, and there has been no undue delay. The parties will not be prejudiced by the proposed impleader as the discovery deadline is several months away.[9] Granting Defendants leave to file their third-party complaint promotes judicial efficiency and consistent results.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Third-Party Complaint (R. Doc. 11) is **GRANTED**.

---

[9] R. Doc. 9 at 4.

New Orleans, Louisiana, this 20th day of January, 2026.

                                                                         EVA J. DOSSIER
                                             UNITED STATES MAGISTRATE JUDGE