UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY PETTY | CIVIL ACTION |
| VERSUS | NO. 25-1849 |
| ENTERPRISE FM TRUST ET AL. | SECTION "G" (3) |

## <u>ORDER AND REASONS</u>

Third-party plaintiffs, Enterprise FM Trust, Bureau Veritas North America, and Ivan Bodden filed a Motion for Leave to File Supplemental and Amended Third-Party Complaint (R. Doc. 23). Third-party defendant Keith Comardelle opposes the motion.[1] Having considered the parties' briefing, the record, and the applicable law, the Court grants the motion for the reasons stated below.

On January 20, 2026, the Court granted third-party plaintiffs leave to file a third-party demand seeking indemnification.[2] The third-party plaintiffs now seek leave to amend their complaint to add a claim for their own damages based on uninsured losses, insurance deductibles, out-of-pocket costs and expenses, among other damages.[3]

The deadline set by the District Court for amendments to pleadings passed on December 15, 2025.[4] When, as here, a party's request to amend a third-party pleading is beyond the scheduling order deadline, the moving party must establish good cause

---

[1] R. Doc. 26.
[2] R. Doc. 14.
[3] R. Doc. 23-1 at 3.
[4] R. Doc. 9 at 2.

to extend that deadline under Federal Rule of Civil Procedure 16(b)(4). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). "Only after the Court finds that the good cause standard is satisfied under Rule 16(b) will the 'more permissive' Rule 15(a) standard apply." *Jackson v. Gray*, 345 F.R.D. 597, 607 (E.D. La. 2024) (quoting *Butler v. Taser Intern., Inc.*, 535 F. App'x 371, 372 (5th Cir. 2013)).

"In making its determination of good cause, the Court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Jackson*, 345 F.R.D. at 607 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

These factors weigh in favor of concluding that good cause exists to modify the scheduling order. The facts relative to the proposed amendment overlap with the existing claims.[5] Allowing the proposed claim would further the important interest of judicial efficiency. The third-party defendant is unlikely to be prejudiced by an additional claim flowing from the same set of facts. Although a pending motion to dismiss (rather than any new information) may have prompted the request to amend,[6] the other factors weigh strongly in favor of amendment. Accordingly, good

---

[5] *See* R. Doc. 15.
[6] R. Doc. 20.

cause exists to extend the amendment deadline. The Court thus turns to Rule 15(a)'s more permissive standard.

Rule 15(a)(2) directs that courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the language of this rule "evinces a bias in favor of granting leave to amend[,]" the United States Court of Appeals for the Fifth Circuit has instructed that a "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). Courts must consider five factors in determining whether such a substantial reason is present: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id.* (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent any of these factors, the leave sought should be 'freely given.'" *Id.* (quoting *Foman*, 371 U.S. at 182).

The third-party plaintiffs' delay in moving to amend their complaint was not undue, and there is no indication the amendment would unduly prejudice the third-party defendant. Nor is there any indication of bad faith or dilatory motive. The amendment was not preceded by repeated failures to cure prior deficiencies. And, finally, there is no indication at this stage that amendment would be futile. Thus, no

substantial reason supports denying the third-party plaintiffs' motion for leave to amend.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to File Supplemental and Amended Third-Party Complaint (R. Doc. 23) is **GRANTED** and that the proposed pleading (R. Doc. 23-2) be filed in the record.

New Orleans, Louisiana, this 2nd day of April, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

4